IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCESS AMBER PINKSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-190 (JLH) |
| | ) |
| ADVANCED FINANCIAL SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Princess Amber Pinkston, Wilmington, Delaware – *Pro Se* Plaintiff

April 14, 2025
Wilmington, Delaware

**HALL, U.S. District Judge:**

## I.  INTRODUCTION

On February 13, 2024, Plaintiff Princess Amber Pinkston filed this civil action *pro se*. (D.I. 2.)  Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 5.)  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.  BACKGROUND

The Complaint alleges violations of the Fourth Amendment, 15 U.S.C. § 1692, 18 U.S.C. §§ 2312 and 2313, 42 U.S.C. § 2310, and Delaware state law.  (D.I. 2 at 3.)  The following facts are taken from the Complaint and assumed true for purposes of screening the Complaint.  On February 6, 2024, in Wilmington, Delaware, Plaintiff's 2016 Mitsubishi Outlander was "stolen/confiscated" by Defendant Advanced Financial Services upon the order of Defendant MVTRAC, LLC, "a repossession company" that is "in contract" with non-party Exeter Finance, LLC.  (*See* D.I. 2 at 9.)  Plaintiff is the "original and rightful owner" of the vehicle, she has no contract with either Defendant, and "neither [Defendant] has a security interest" in the vehicle.  (*Id.*)  Defendants will not tell Plaintiff the location of her vehicle.  (*Id.* at 2.)  These events caused Plaintiff "mental anguish, pain [and] suffering, emotional distress, depression, [and] anxiety attacks."  (*Id.* at 7.)  Plaintiff seeks $10,000 in monetary damages, information about the location of her vehicle, and the return of her vehicle "with all valuable belongings inside."  (*Id.*)

## III.  SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Complaint fails to state a claim and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Regarding Plaintiff's claim under the FDCPA, 15 U.S.C. § 1692, it is not enough to simply assert that she is the rightful owner of her vehicle, and that Defendants stole and confiscated it. (*See* D.I. 2.) To plausibly state a FDCPA claim, Plaintiff must allege that "(1) she is a consumer,

(2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015). The allegations in the Complaint do not suggest that Defendants are debt collectors or that they violated a provision of the FDCPA when they took the vehicle. Since it is not inconceivable that Plaintiff's deficient pleading could be cured, Plaintiff will be given an opportunity to amend her FDCPA claim.

Plaintiff's remaining claims have no merit. First, 42 U.S.C. § 2305 sets out the powers of the Atomic Energy Commission to repossess property, which is plainly not what occurred here. Second, 18 U.S.C. §§ 2312 and 2313 are federal criminal statutes. Those statutes do not confer a private civil right of action. Third, any claim based on a Fourth Amendment violation fails because Defendants are not alleged to be government actors.

The record does not reflect a basis for the court to exercise jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332(a), as the amount in controversy does not appear to exceed $75,000. As the Court has dismissed Plaintiff's federal claims, it will also decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

V.  **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to amend her FDCPA claim.

An appropriate Order will be entered.